IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 21, 2020 Session



## JENNY M. RUZZENE v. DIEONTEA M. STEWART

**Appeal from the Circuit Court for Knox County**
**No. 145125   John F. Weaver, Chancellor**

———————————————————

**No. E2019-00291-COA-R3-CV**

———————————————————

The Appellant appeals the entry of an order of protection that was entered against him. Because that order of protection has expired, we dismiss the appeal as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG., and CARMA DENNIS MCGEE, JJ., joined.

Andrew Earl Pate[1], Knoxville, Tennessee, for the appellant, Dieontea Stewart.

Ellen Joy Radice, D. Tyler Munger, Andrew McNicholas, and Guy Ervin Tustin, III[2] , Knoxville, Tennessee, for the appellee, Jenny M. Ruzzene.

## OPINION

This case originated when the Appellee, Jenny Ruzzene, filed a petition for an order of protection in the Knox County Circuit Court. Ms. Ruzzene's petition sought an order of protection against her ex-boyfriend, Dieontea Stewart ("the Appellant"), and alleged, among other things, that the Appellant had been beating on her door at "all hours." She specifically asked the trial court to order the Appellant to stay away from her and to have no contact with her. Following a hearing on Ms. Ruzzene's petition, the trial

---

[1] Attorney Pate did not file a brief on behalf of the Appellant, but he did appear on the Appellant's behalf at oral argument.

[2] Mr. Munger, Mr. McNicholas, and Mr. Tustin participated in this case as qualified law students pursuant to the authority in Tennessee Supreme Court Rule 7, Section 10.03. Whereas Mr. Munger and Mr. McNicholas aided in the preparation of the Appellee's brief, Mr. Tustin argued on the Appellee's behalf at oral argument.

court entered an order of protection against the Appellant, which was set to expire by its own terms on January 30, 2020. There is no proof in the record that the order was ever extended or continued.

The Appellant has since appealed to this Court seeking to dismiss the order of protection entered against him. However, given the expiration of that order in January 2020, we dismiss his appeal as moot. *See Winningham v. Trotter*, No. 03A01-9112-CV-00423, 1992 WL 94717, at *1 (Tenn. Ct. App. May 8, 1992) (noting that the appeal was moot when the order of protection had "long since expired"); *see also Anders v. Anders*, No. W2017-00071-COA-R3-CV, 2018 WL 2174127, at *1 (Tenn. Ct. App. May 11, 2018) ("Because the order of protection expired by its own terms . . . we dismiss this appeal as moot.").

Although it is true that there are potential exceptions to the mootness doctrine, which are applicable in the court's discretion, *see Hooker v. Haslam*, 437 S.W.3d 409, 417-18 (Tenn. 2014), the doctrine is "not easily overcome." *Pub. Emps. for Envtl. Responsibility v. Tenn. Water Quality Control Bd.*, No. M2008-01567-COA-R3-CV, 2009 WL 1635087, at *11 (Tenn. Ct. App. June 10, 2009). Here, the Appellant's amended brief was filed after the time when the order of protection had clearly already expired. While there are exceptions to the mootness doctrine, the Appellant neither raised as an issue nor offered any argument in his brief as to why any exception that might affect him arising from the expired order of protection warranted consideration. Therefore, because the order of protection has already expired and the Appellant neither raised any issue nor offered any argument in his brief relevant to invoking an exception to the mootness doctrine, the appeal is dismissed as moot. This case is remanded to the trial court for the collection of costs and for such further proceedings as may be necessary and consistent with this Opinion.

_____
ARNOLD GOLDIN, JUDGE